Stephen A. MACOMBER, Petitioner,

v.

Robert D. HANNIGAN,
et al., Respondents.

No. 90–3251–S.

United States District Court,
D. Kansas.

May 8, 1992.

Stephen A. Macomber, pro se.

Susan G. Stanley, Office of the Atty. Gen., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Hutchinson Correctional Facility, Hutchinson, Kansas, was convicted on July 28, 1987, of four (4) counts of aggravated robbery and one (1) count of aggravated battery in connection with a series of robberies at fast food restaurants in Wichita, Kansas. Petitioner was sentenced to a controlling term of thirty-eight (38) to one hundred (100) years. Petitioner's conviction was affirmed by the Kansas Supreme Court. In this action, petitioner challenges his sentence and claims his due process rights, guaranteed under the Fourteenth Amendment, were violated when, following his second trial, the trial court imposed a greater sentence after his prior conviction for the same offense had been set aside.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

On December 17, 1985, petitioner was convicted of four (4) counts of aggravated robbery and one (1) count of aggravated battery. Petitioner was sentenced to a controlling term of thirty-two (32) years to life imprisonment. Petitioner's appeal to the Kansas Supreme Court was successful and his conviction was reversed on March 27, 1987. Petitioner was retried before a different presiding judge and once again was convicted on all counts. The court sentenced petitioner to a controlling term of thirty-eight (38) to one hundred (100) years. The conviction and the sentence were affirmed on appeal.

Petitioner filed this action seeking federal habeas relief on July 23, 1990. Respondents concede that petitioner has exhausted his state court remedies.

*Discussion*

A defendant should never be placed in a position where he hesitates to appeal his conviction for fear that after he receives a new trial and is convicted, his sentence will be increased.

The presumption concerning the imposition of a greater sentence upon reconviction on an offense for which a prior conviction has been set aside is that the increase

in sentence is motivated by vindictiveness. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Under *Pearce*, such an occurrence is violative of an individual's constitutional due process rights unless the judge who imposes the greater sentence affirmatively states on the record the reasons for the increase. *Id.* at 726, 89 S.Ct. at 2081. In addition, those reasons must be based upon objective information which is made part of the record thus allowing full appellate review. *Id.*

Subsequent to *Pearce*, the Court modified the scope of the presumption of vindictiveness articulated in that case. In *Chaffin v. Stynchcombe*, 412 U.S. 17, 27, 93 S.Ct. 1977, 1983, 36 L.Ed.2d 714 (1973), the Court held that the presumption of vindictiveness arises where the judge has a personal stake in the prior conviction. *Chaffin* concerned sentences imposed by two separate juries. Similarly, in *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the Court held that the presumption was inapplicable to a state's two-tier court system for adjudicating some cases.

Most recently in *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the court found the *Pearce* presumption did not apply in a case where the defendant, after having been convicted and sentenced to twenty (20) years by a jury as he chose, was granted a new trial by the judge on the basis of prosecutorial misconduct. Following his conviction in the second trial, presided over by the same judge, defendant chose to have the judge rather than the jury impose the sentence. The judge sentenced defendant to fifty (50) years. The Court found the *Pearce* presumption inapplicable, "because there was no realistic motive for vindictive sentencing." *Id.* at 139, 106 S.Ct. at 979. The Court further stated that even if the *Pearce* presumption were to apply, the findings of the trial court had overcome the presumption. *Id.* at 141, 106 S.Ct. at 980.

■ Furthermore, the Court limited *Pearce* when it stated that the presumption of vindictiveness did not apply when two sentencers were involved in the proceedings. *McCullough* at 140, 106 S.Ct. at 979 n. 3. Citing *Chaffin*, the court said "... the presumption derives from the judge's "personal stake in the prior conviction ...", a statement clearly at odds with reading *Pearce* to answer the two-sentencer issue. We therefore decline to read *Pearce* as governing this issue." See *United States v. Peterman*, 841 F.2d 1474, 1482 (10th Cir.1988).

A careful reading of *McCullough* therefore leads to the conclusion that no presumption of vindictiveness arises when the original judge does not pronounce sentence after the second conviction. In the case now before this court petitioner was tried and sentenced by two different state district court judges. The *Pearce* presumption of vindictiveness is simply inapplicable in this situation.

■ It should be noted that although the presumption does not apply in this instance, a defendant may still show a denial of his constitutional rights by affirmatively proving actual vindictiveness. *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984). Petitioner, however, has made no showing of actual vindictiveness. The increased sentence imposed by a second presiding judge following petitioner's retrial on the same charges did not violate petitioner's constitutional right to due process guaranteed by the Fourteenth Amendment.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.