**Stephen A. MACOMBER,**
**Petitioner–Appellant,**

v.

**Robert D. HANNIGAN, Attorney General of Kansas, Respondents–Appellees.**

No. 92–3180.

United States Court of Appeals, Tenth Circuit.

Jan. 31, 1994.

Stephen A. Macomber, pro se.

Susan G. Stanley, Asst. Atty. Gen., Topeka, KS, for respondents-appellees.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

This matter is before the court on petitioner Stephen A. Macomber's application for a certificate of probable cause. A petitioner is required to obtain a certificate of probable cause before appealing a final order in a habeas corpus proceeding under 28 U.S.C. § 2254. We grant Mr. Macomber's application for a certificate of probable cause and his request to proceed in forma pauperis and review this matter on the merits.[1]

*I. Background*

Mr. Macomber is a prisoner at the Hutchinson Correctional Facility. In 1985, he was

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

convicted in state court of four counts of aggravated robbery and one count of aggravated battery and sentenced to thirty-two years to life. On appeal, Mr. Macomber's conviction was reversed and he was retried and convicted on all of the same counts. The new judge sentenced him to a more severe term of 38 to 100 years. On appeal, Mr. Macomber's sentence was affirmed by the Kansas Supreme Court. He then filed a petition for a writ of habeas corpus, which was denied. *Macomber v. Hannigan*, 791 F.Supp. 271 (D.Kan.1992). Mr. Macomber now appeals the denial of his writ of habeas corpus asserting that the more severe sentence imposed after his second trial and conviction on identical charges violated his due process rights under the Fourteenth Amendment. We affirm.

## II. Discussion

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held that the due process guarantee precludes increased sentences when the increase is motivated by vindictiveness on the part of the sentencing judge. *Id.* at 725–26, 89 S.Ct. at 2080–81. When a sentence is increased, *Pearce* requires the sentencing judge to place on the record non-vindictive reasons supporting the increase. *Id.* at 726, 89 S.Ct. at 2081. The *Pearce* holding has been limited by subsequent judgments of the Court. The Court has determined that the *Pearce* presumption of vindictiveness is not present when a different judge imposes the second sentence and provides an "on-the-record, wholly logical, non-vindictive reason for the sentence." *Texas v. McCullough*, 475 U.S. 134, 140, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986). It is the "vindictiveness of a sentencing judge [that] is the evil the Court sought to prevent [in *Pearce*] rather than simply enlarged sentences after a new trial." *Id.* at 138, 106 S.Ct. at 978. The Supreme Court has further limited *Pearce*, finding that the presumption does not apply in contexts where the underlying concerns of vindictiveness are absent. *See Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989) (no presumption of vindictiveness where the first

sentence is based on a guilty plea and the second sentence follows a trial, even though both sentences are imposed by the same judge); *McCullough*, 475 U.S. at 140, 106 S.Ct. at 979 (no presumption where "different sentencers assessed the varying sentences [the defendant] received"); *Colten v. Kentucky*, 407 U.S. 104, 117, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972) (noting that the second sentence may be perceived vindictive solely because the first sentence was lenient). Thus, the Supreme Court has modified *Pearce*, finding that the presumption should apply in circumstances where there is a "reasonable likelihood" that the increased sentence resulted from actual vindictiveness on the part of the sentencing authority. *Alabama*, 490 U.S. at 799, 109 S.Ct. at 2204.

Several circuits have determined that no presumption of vindictiveness is present when the second sentence was delivered by a different judge and the record indicates non-vindictive reasons supporting the harsher sentence. *Rock v. Zimmerman*, 959 F.2d 1237, 1257 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 3036, 120 L.Ed.2d 905 (1992); *see United States v. Newman*, 6 F.3d 623, 630 (9th Cir.1993); *United States v. Cheek*, 3 F.3d 1057, 1064 (7th Cir.1993); *United States v. Perez*, 904 F.2d 142, 146 (2d Cir.), *cert. denied*, 498 U.S. 905, 111 S.Ct. 270, 112 L.Ed.2d 226 (1990). In *Rock*, the Third Circuit determined that the *Pearce* presumption does not apply when the second sentence is imposed by a different judge and the record provides assurances that the more severe sentence simply reflects a fresh look at the facts and an independent exercise of discretion by the second sentencer. 959 F.2d at 1257.

■ Mr. Macomber's second sentence was imposed by a different sentencing judge and the record indicates that the second harsher sentence was the product of a fresh examination of the facts and an independent exercise of discretion by this judge. The judge clearly stated on the record that he was taking a fresh look at the facts of the case and exercising his independent judgment in arriving

at the increased sentence.[2] Recognizing that "trial judges must be accorded broad discretion in sentencing," *McCullough,* 475 U.S. at 140, 106 S.Ct. at 979, we hold that when a different judge imposes a more severe sentence than the sentence imposed in the initial trial and the judge provides an "on-the-record, wholly logical, nonvindictive reason for the [harsher] sentence," *id.,* the *Pearce* presumption of vindictiveness does not apply. Moreover, it is not necessary that the second sentencing judge rely on and provide facts not available at the time of the first sentence to support the more severe sentence.

■ Absent the presumption of vindictiveness, the burden is on Mr. Macomber to prove actual vindictiveness. *Alabama,* 490 U.S. at 799–800, 109 S.Ct. at 2204–2205. He has not met this burden.

**AFFIRMED.**

2. In arriving at the sentence, the judge who retried and resentenced Mr. Macomber stated:
I [was] not the trial judge in the other case. I am going to make up my mind [on the sentence to be imposed] from what I heard myself in this case.

. . . .

. . . I am not basing my decision on prior sentences. . . . I have gotten [sic] some ideas of what I think is appropriate for the conduct involved, and it's entirely what I think and that's what I am going to rule on and it doesn't have anything to do with what happened in some other court some other time.

. . . .

[The prosecutor] has said that whatever [the first judge] did, if what I do doesn't track with that, I have to make an excuse. I don't, and I won't, because I am making up my own mind.