**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERNA MONKS, a/k/a Verna
Stafford,

      Petitioner-Appellant,

v.

NEVILLE MASSIE,

      Respondent-Appellee.

No. 97-6417
(D.C. No. CIV-97-645-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Appellant, Verna Monks, appeals the district court's denial of her petition

for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] Before

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining appellant's brief and the appellate record, this panel has determined unanimously to grant appellant's request for a decision on the brief without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

proceeding on appeal, Monks must obtain a certificate of appealability from this court, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Monks pled guilty to two counts of second degree murder and was given two concurrent indeterminate sentences of ten years' to life imprisonment. After successfully challenging the validity of those sentences, Monks was resentenced by a different judge, who imposed two consecutive life sentences based upon evidence developed at the second sentencing hearing of the grievous and outrageous nature of the crimes for which she was convicted and other criminal conduct. Monks challenges the harsher sentences on the ground of judicial vindictiveness. A presumption of vindictiveness will not arise when, as here, "a different judge imposes the second sentence and provides an on-the-record, wholly logical, nonvindictive reason for the sentence." Macomber v. Hannigan, 15 F.3d 155, 156 (10th Cir. 1994) (quotation omitted). Absent a presumption of vindictiveness, Monks bears the burden of demonstrating actual vindictiveness, see id. at 157, which she has failed to do.

Therefore, Monks' application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court


David M. Ebel
Circuit Judge