**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE EDWARD STRATMOEN,

    Petitioner - Appellant,

v.

RON WARD, Warden,

    Respondent - Appellee.

No. 06-7128

E.D. Okla.

(D.C. No. CIV-04-279-S)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPLICATION**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Joe Edward Stratmoen, an Oklahoma state prisoner appearing pro se,[1] filed a habeas petition pursuant to 28 U.S.C. § 2254. The district court denied the petition and Stratmoen's application for a Certificate of Appealability ("COA").

---

[1] Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Stratmoen renews his COA request here. We also decline to issue a COA and dismiss his application.

## I. Background

Following a jury trial in Oklahoma state court, Stratmoen was convicted of unlawful possession of a controlled substance (Count 1) and possession of a weapon while committing a felony (Count 2). After a separate sentencing trial, the jury recommended sentences of thirty years imprisonment on Count 1 and twenty years imprisonment on Count 2. The trial court followed the jury's sentencing recommendations.

On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Stratmoen argued, *inter alia*, his sentence on Count 2 was improperly enhanced. The court agreed and adjusted the sentence from twenty years to two.

Stratmoen then filed a petition for post-conviction relief in the state trial court arguing his trial counsel was constitutionally ineffective during the sentencing phase of the trial. The court granted the petition and ordered a new sentencing hearing. This time the jury recommended a sentence of life imprisonment on Count 1 and ten years imprisonment on Count 2. The trial court again followed the jury's recommendations and ordered the sentences to run concurrently. Stratmoen again appealed to the OCCA. The OCCA affirmed the sentence on Count 1 but again modified the sentence on Count 2 to two years imprisonment.

Stratmoen then filed a § 2254 petition in the federal district court. He alleged 1) the state trial court failed to instruct the jury on the state's burden of proof at the sentencing hearing, or, in the alternative, the state adduced insufficient evidence of his prior convictions; 2) the state trial court improperly instructed the jury on the minimum range of punishment as to Count 1; and 3) the state trial court improperly instructed the jury on the general range of punishment as to Count 2. The federal district court determined these claims were mirror images of claims Stratmoen successfully argued in his first direct appeal and, since the state trial court granted all the relief available for these claims -- a new sentencing hearing -- those claims were moot. Stratmoen also claimed his appellate counsel in his first direct appeal was constitutionally ineffective. The district court determined this claim was also moot because it was raised in his petition for post-conviction relief, in which the state trial court granted Stratmoen a second sentencing hearing. Stratmoen further claimed his sentence on Count 2 was not subject to enhancement. The district court again noted the similarity between this claim and a claim asserted in his second direct criminal appeal. It determined the OCCA granted all the relief Stratmoen was entitled to by reducing the sentence to two years; thus, the district court reasoned this claim was also moot.

Stratmoen also claimed: 1) the state trial court was without authority to empanel a second jury to rehear the sentencing phase of his trial; 2) the state trial court erred in refusing to instruct the jury to disregard an officer's volunteered

-3-

testimony that the search warrant was executed because a "Joe" was dealing methamphetamine out of the house; and 3) the state trial court sentenced him to excessive terms of imprisonment. The federal district court concluded these claims did not rise to the level of a violation of "clearly established Federal law, as determined by the Supreme Court of the United States" because the issues were governed entirely by state law and did not implicate federal constitutional protections. *See* 28 U.S.C. § 2254(d).

Finally, Stratmoen challenged the prosecutor's statement during closing argument mentioning the possibility of parole. Stratmoen claimed, as he had in his direct criminal appeal, the comment prejudiced the sentencing hearing. Recognizing "[t]he relevant question is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process," the district court determined Stratmoen could not demonstrate prejudice because his counsel also referenced parole during closing argument. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotations omitted).

## II. Certificate of Appealability

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Stratmoen makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the federal district

court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). We review the district court's factual findings for clear error and its legal conclusions *de novo. English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

None of Stratmoen's claims merit a COA. The state courts granted him all the relief to which he was entitled for a number of claims, thereby rendering them moot.[2] Other allegations failed to rise to the level of a federal violation appropriate for habeas review. *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999) (state law evidentiary errors not reviewable);[3] *Phillips v. Ferguson*, 182 F.3d 769,

---

[2] In an attempt to escape mootness, Stratmoen generally references the "capable of repetition, yet evading review" exception. To satisfy this exception, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). It is unlikely Stratmoen will find himself in another criminal litigation claiming the same errors he alleges here. Therefore, the exception does not apply.

[3] While a state court's evidentiary rulings are not generally reviewable in a federal habeas action, review can be proper if evidentiary rulings render state proceedings so fundamentally unfair as to violate due process. *Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997). In this case, as the district court noted, the challenged evidentiary ruling could not render the procedure fundamentally unfair because the trial court sustained Stratmoen's objection thereto and ordered the testimony stricken from the record. *See Slaughter v. State*, 950 P.2d 839, 863, 869 (Okla. Crim. App. 1997) ("When a trial court sustains an objection, most error is cured.").

772-73 (10th Cir. 1999) (state post-conviction procedural rules not reviewable);[4]

---

[4] On appeal, Stratmoen argues his due process rights were violated when the state trial court imposed a harsher sentence after the second sentencing phase. He claims the harsher sentence was imposed vindictively to punish him for seeking post conviction relief. Perhaps because Stratmoen did not make this claim clear in his habeas petition, the federal district court did not address it.

"[T]he due process guarantee precludes increased sentences when the increase is motivated by vindictiveness on the part of the sentencing judge." *Macomber v. Hannigan*, 15 F.3d 155, 156 (10th Cir. 1994) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)); *Texas v. McCullough*, 475 U.S. 134, 138 (1986) ("[It is the] vindictiveness of a sentencing judge [that] is the evil the Court sought to prevent [in *Pearce*.]'"). In some instances, vindictiveness is assumed when the sentence is increased following a successful appeal or motion for post-conviction relief; in such a case, "*Pearce* requires the sentencing judge to place on the record nonvindictive reasons supporting the increase." *Macomber*, 15 F.3d at 156.

The presumption of vindictiveness does not apply to the circumstances of Stratmoen's case. The Supreme Court has narrowed the *Pearce* presumption so that it operates only in those cases presenting vindictiveness concerns. *McCullough*, 475 U.S. at 138. Thus, in *McCullough*, the Supreme Court declined to apply the *Pearce* presumption when "different sentencers assessed the varying sentences [the defendant] received." *Id.* at 140. In addition, the Supreme Court declined to apply the presumption in a case where the defendant was sentenced by two different juries, each with final sentencing authority. *Chaffin v. Stynchcombe*, 412 U.S. 17, 19-20, 28 (1977). Although the second jury sentenced the defendant to a more lengthy sentence, the Supreme Court held "where improper and prejudicial information regarding the prior sentence is withheld, there is no basis for holding that jury resentencing poses any real threat of vindictiveness." *Id.* at 28.

Two different sentencers effectively passed upon the appropriate sentence for Stratmoen's crimes, the jury at his first sentencing trial and the jury at his second. Although Stratmoen's trial judge had discretion to adjust his sentence, he did not exercise that discretion at either sentencing. Rather, the trial judge accepted the jurys' assessments. Thus, Stratmoen's effective sentencer at the second trial was the second jury. Because the second jury was without any knowledge of Stratmoen's prior sentence, it simply could not have acted vindictively. *See Chaffin*, 412 U.S. at 28.

In the absence of a presumption of vindictiveness, Stratmoen bears the burden to demonstrate actual vindictiveness. *United States v. Medley*, 476 F.3d 835, 839 (10th Cir. 2007). We agree with the OCCA that no such evidence exists in the record.

*Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir. 1990) (state sentencing law not reviewable). Stratmoen also failed to demonstrate prejudice on his prosecutorial misconduct claim. *Darden*, 477 U.S. at 181. The federal district court's thorough and well-reasoned order of dismissal is not reasonably debatable. *Slack,* 529 U.S. at 484. Stratmoen's application for a COA is **DENIED**. **DISMISSED.**

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

Furthermore, if we were to apply the presumption of vindictiveness in this case, we think the trial judge here satisfied his duty to state his reasons for the harsher sentence. The judge relied heavily on the second jury's recommendation and appeared prepared to accept a lower sentence if the jury so advised. **[R. Vol. V at 23-25; Vol. II at 37-38; Vol. IV at 232-33]**

Stratmoen's allegation of vindictiveness does not "deserve encouragement to proceed further." *Slack,* 529 U.S. at 484.