564 So.2d 740 (1990)
STATE of Louisiana, Appellee,
v.
James G. RASBERRY, Appellant.
No. 21,561-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
*741 Emmons & Stokes by Douglas L. Stokes, Jonesboro, for appellant.
Chris L. Bowman, Jonesboro, for appellee.
Before FRED W. JONES, Jr., NORRIS and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
Defendant Rasberry, charged with the aggravated rape of his daughter, was convicted by a jury of the responsive verdict of forcible rape. He was sentenced to serve the maximum term of 40 years at hard labor, with two years to be served without benefit of probation, parole, or suspension of sentence. Defendant appealed his conviction and sentence asserting the trial court erred in admitting evidence of other crimes, in permitting testimony beyond the scope of the state's opening statement, in refusing to grant a mistrial based on allegedly improper closing argument by the state, and by imposing an excessive sentence. We find no merit to defendant's assignments of error and affirm the conviction and sentence.
Defendant was indicted for the aggravated rape of his daughter who was born on March 14, 1977. The date alleged in the indictment was "between October, 1986 and October 17, 1988." The victim testified that sexual activity with her father had begun when she was nine years old and continued at a rate of two or three times per week. The victim, her sister and her *742 father had lived with his parents after the victim's mother had abandoned the family. They later moved and lived alone, except for a brief period while an aunt, Margie Dubois, lived with them.
In his first assignment of error, defendant asserts the trial court erred in admitting evidence of other crimes which had not been testified to in the pretrial Prieur hearing.
Prior to trial, the state filed a notice of intent to use evidence of other acts of aggravated rape and similar sex crimes committed by defendant upon the victim to show his system of such crimes. One of the alleged incidents was defendant's pinching the victim on the buttocks and cupping his hand over her genitalia in the presence of Margie Dubois.
The victim, who was the only witness at the pretrial hearing, testified that the defendant touched and pinched her breasts, her "butt and everything." She answered "no" when asked if Ms. Dubois had been present when defendant cupped his hand over the victim's genitalia.
The testimony complained of occurred when Ms. Dubois told the jury she had seen defendant pinching the victim "on the breast and pinching her below." Defendant's objection to "pinching below" was overruled. He now complains it was unfair to admit this testimony, since the victim had not mentioned it at the pretrial hearing.
The La.Code of Evidence Article 404 B(1) permits the admission of evidence of other crimes as proof of such things as motive, opportunity, intent, plan, and absence of mistake, or when it constitutes an integral part of the transaction that is the subject of the present proceeding. In State v. Prieur, 277 So.2d 126 (La.1973), the court ruled that evidence of other crimes not coming within the statutory exceptions to inadmissibility could not be presented to the jury. The court reasoned that to hold otherwise would force defendants to defend against charges of which they had no notice.
In a prosecution for rape of a female under the age of consent evidence of prior sex offenses committed by the defendant with the same prosecutrix is generally admissible for various reasons, such as corroboration of the offense charged. State v. Acliese, 403 So.2d 665 (La.1981).
Defendant urges that the "pinching" testimony was not admissible because the victim said her aunt had not seen the "cupping" activity described in the state's notice. We do not accept this strained reading of the record nor do we accept the proposition that Ms. Dubois' testimony took defendant by surprise to his prejudice.
The record of the Prieur hearing is replete with references to defendant's numerous acts of touching the victim's genitalia in different manners. The defendant was on notice of the other crimes or wrongs he could expect to defend against. The distinction between "pinching" and "cupping" is not significant. The negative answer elicited from the child victim about the presence of Ms. Dubois certainly did not mean the act did not occur, but rather only that the child was unaware her aunt was present. The testimony was properly admitted. This assignment is without merit.
Defendant's second assignment of error is that the trial court erred in permitting a psychologist to testify since his name and the substance of his testimony were not mentioned in the prosecution's opening statement. The record shows the state named its witnesses, except for the psychologist in its opening, and said that there would be testimony of other witnesses who would corroborate the victim's testimony. The prosecutor, in argument to the trial court, stated defense counsel had been told during a pretrial conference that a psychiatrist would be called to testify.
It is not necessary for the state to name its witnesses in the opening statement, State v. Paternostro, 225 La. 369, 73 So.2d 177 (1954), nor need the state give evidence in minute detail, State v. Victorian, 495 So.2d 362 (La.App. 3d Cir.1986).
"If the state offers evidence that was inadvertently and in good faith omitted *743 from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense." La.C.Cr.P. Art. 769.
The defendant was on notice that medical testimony would be presented. The psychologist testified that, based on tests he conducted and an interview with the victim, he believed her statements concerning sexual abuse and that defendant was the perpetrator. He thus corroborated her accusations. Defendant was put on notice of the existence of corroborating evidence in the state's opening.
We find that the trial court did not abuse its discretion in finding the state's opening statement was sufficiently broad to include the testimony of this witness. This assignment is without merit.
The third assignment of error is that the trial court committed reversible error in refusing to grant a mistrial when the prosecutor, in his closing argument, said the jury's failure to convict "would probably do irreversible damage to" the victim. Although defense counsel objected to the statement he did not move for a mistrial.
Argument may include conclusions of fact which can be drawn from the evidence. La. C.Cr.P. Art. 774. Dr. Stephenson testified about the great harm to the victim resulting from defendant's actions. Therefore, the prosecutor's statement is a logical conclusion drawn from the evidence admitted at trial.
Even if the language complained of were deemed to be error it is not reversible error. Before the court will reverse on the basis of improper closing argument, it must be thoroughly convinced the remark influenced the jury and contributed to its verdict. State v. Eaton, 524 So.2d 1194 (La.1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989); State v. Robertson, 511 So.2d 1237 (La.App. 2d Cir. 1987), writ denied, 516 So.2d 366 (La.1988).
Our review of the record convinces us that the remark complained of, in the context of 20 pages of final arguments, did not influence the jury. This assignment is without merit.
The final assignment of error is that the sentence is excessive. Forcible rape carries a possible sentence of forty years imprisonment at hard labor, at least two of which must be imposed without benefit of probation, parole or suspension of sentence. Defendant was sentenced to forty years imprisonment with only the first two years to be served without benefit.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984).
The rape of one's underage daughter is among the most serious violations of the crime of forcible rape and, based solely on the nature of the offense, a maximum sentence can be appropriately imposed. State v. Childs, 466 So.2d 1363 (La.App. 3d Cir. 1985).
There is no presentence investigation report in this matter. However, at sentencing the trial court stated it had considered the mitigating factors brought out at trial. The defendant had no prior criminal record. He was employed, working two jobs. Defendant had been abandoned by his wife who left him with the two young girls.
The court found that the 35 year-old defendant's conduct caused serious harm to the 11 year-old victim who was compelled to endure sexual intercourse with her own father. The court noted there was no way to calculate the harm done to the child. The court observed that the defendant had to know his conduct would cause serious harm physically and emotionally and noted there was no provocation. The court found no grounds to excuse or justify the defendant's conduct; the victim did not induce or facilitate the commission of the crime in any conceivable way; and defendant's conduct was the result of circumstances that could well occur again. The court observed defendant had a young child under his command and chose to satisfy his sexual desires with that child.
*744 The character and attitude of the defendant indicated he was likely to commit another crime because he had shown no remorse for the act of which he had been convicted. The court found the defendant was not particularly likely to respond affirmatively to probation because he refused to acknowledge his culpability and responsibility for the crime he had committed. Since the children were already in foster care, his imprisonment would not be an excessive hardship.
The court found there was an undue risk that during a period of suspended sentence or probation, defendant would commit another crime; that defendant was in need of correctional treatment or a custodial environment that can be best provided by his commitment to an institution; and that a sentence not involving imprisonment would deprecate or lessen the seriousness of the crime committed.
The child victim had testified to a variety of sexual abuses inflicted upon her by her father. These included pinching and touching her breasts, genitals and buttocks; partial intercourse on several occasions; and one incident when he inserted his penis completely into the victim. The child also described an occasion when defendant made her place his penis in her mouth. She said that on almost every occasion, which occurred two to three times a week over a long period of time, defendant rubbed his penis on her genitals and had the child masturbate him.
We find the trial court adequately complied with the sentencing guidelines of La. C.Cr.P. Art. 894.1. Considering the circumstances of the offense, the trial court's comments as to the character of defendant and his lack of remorse, and that only two years of the sentence are without benefit of parole, probation or suspension, we do not find the sentence imposed to be excessive.
For these reasons, the conviction and sentence are AFFIRMED.