CLARENCE E. McMANUS, Judge.
 

 STATEMENT OF THE CASE
 

 |2Pefendant, Evans Alexander, was charged by bill of information with one count of possession of heroin with intent to distribute, in violation of LSA-R.S. 40:966 A (Count 1); and possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967 A (Count 2). Defendant pled not guilty at arraignment and. was tried by a twelve-person jury on May 20, 2008.
 

 Narcotics agent Robert Blackwell of the Jefferson Parish Sheriffs Office testified at trial that on August 8, 2007, he was assigned to a special crimes task force that included his department as well as the Gretna and Westwego police departments. The task force targeted high crime areas in those jurisdictions. On that day, Agent Blackwell took part in surveillance outside of Seafood Express, a takeout restaurant on the Westbank Expressway in Marrero. He and other officers were particularly interested in the area adjacent to a self-storage facility behind the restaurant.
 

 Detective Ashton Gibbs of the Gretna Police Department testified that he saw a tan Chevrolet Impala back into a space in the parking lot of the storage facility. He later identified defendant, Evans Alexander, as the driver of that ^vehicle. Detective Gibbs watched through binoculars as another car entered the parking lot and parked alongside defendant’s car. The driver of that car exited his vehicle and
 
 *735
 
 approached the driver’s window of defendant’s car. The two men engaged in what appeared to be a hand-to-hand transaction. Detective Gibbs saw money change hands, and defendant dropped something into the other man’s hand. The second man then returned to his vehicle and left the area. Thereafter, Detective Gibbs saw another car pull into the parking lot, and its driver engaged in a similar transaction with defendant.
 

 Detective Gibbs testified that at that point, he and other officers approached defendant’s car. Defendant was the only occupant. Detective Gibbs identified himself, and instructed defendant to exit the vehicle. Defendant refused, and he moved his hands towards the driver’s seat, as if he were trying to conceal something. Finally, defendant unlocked the car door, and the officers took him out of the vehicle. The officers instructed defendant they were conducting a narcotics investigation.
 

 Agent Blackwell testified that a criminal records check revealed defendant had two outstanding attachments. The officers advised defendant of his rights, and arrested him on the attachments. The officers then searched defendant’s car incident to the arrest. Agent Blackwell testified that he recovered a clear plastic bag from the floorboard of the driver’s area. The bag contained 17 foil packets, each of which contained a brown, powdery substance. The bag also contained three off-white, rock-like objects. The parties agreed to stipulate that if Deputy Waguespaek were called to testify, he would be accepted as an expert in the identification of controlled dangerous substances, and that he would testify in accordance with his written report. The parties further stipulated that Waguespaek 14would testify that the brown powdery substance in the foil packets tested positive for heroin; and that the off-white, rock-like objects tested positive for cocaine.
 

 Detective Gibbs testified that he recovered $313.00 in cash from defendant’s pants pocket. The detective asked defendant where he had obtained the money, and defendant did not respond.
 

 Defendant’s wife, Elaine Alexander, testified on his behalf at trial. She stated she has known defendant for 20 years, and they have been married for 13 years. Mrs. Alexander further testified that defendant has a longtime drug habit. She has never seen him use narcotics, but she has found his drug paraphernalia, and she has noticed defendant behaves differently when he is under the influence of drugs.
 

 Mrs. Alexander testified that defendant does odd jobs, and that he works occasionally at his cousins’ auto body shop. The body shop operates in the storage facility where defendant was arrested.
 

 Defendant testified he has used a variety of illicit drugs since the age of 13. He stated that the money officers seized at the time of his arrest was located in the glove compartment of his vehicle, and that he earned it by working on cars. He was arrested in front of the place where he works, but he did not tell officers that because he did not want them to search the premises.
 

 Defendant said his drug habit at the time of his arrest was such that he snorted three or four foil packets of heroin daily before lunchtime. He also smoked crack cocaine. Defendant testified that he did not sell drugs. All of the heroin the officers seized was intended for his own use. He had a large amount that day because he was on his way out of town for a family reunion.
 

 On May 20, 2008, the jury returned a verdict of guilty as charged as to both counts. Defendant filed a timely motion
 
 *736
 
 for new trial. The trial court denied the 1Bmotion without hearing on June 6, 2008. Defendant waived statutory sentencing delays.
 

 The court then sentenced defendant to twenty-five years on each count. The court ordered that the sentences be served concurrently with each other. As to Count 1, the court further ordered that the first five years of the sentence be served without benefit of parole, probation, or suspension of sentence. As to Count 2, the court ordered that the first two years of the sentence be served without benefit of parole, probation, or suspension of sentence.
 

 On the same day, the State filed a habitual offender bill of information, alleging defendant was a second felony offender. Defendant admitted to the allegations in the habitual offender bill. The trial court accepted defendant’s admission. The court then vacated the sentence on Count 1 and, in accordance with a sentencing agreement, imposed an enhanced sentence of twenty-five years at hard labor on that count, without benefit of parole, probation, or suspension of sentence. Defendant now timely appeals.
 

 DISCUSSION
 

 Defendant’s appointed appellate counsel has filed an
 
 Anders
 
 brief in accordance with the procedures set forth in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam); and
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990); asserting that he has thoroughly reviewed the record in this case and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests leave to withdraw as counsel of record. The State agrees that there are no non-frivolous issues for defendant’s counsel to raise on appeal.
 

 | „In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of the record. The request must be accompanied by ‘“a brief referring to anything in the record that might arguably support the appeal” ’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 In conducting a review for compliance with
 
 Anders,
 
 an appellate court must review the record with an independent eye to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous is
 
 *737
 
 sues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. But if the court finds any legal point | arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel states that he found no error as to the form of the bill of information, and the minute entries in the record indicate there was no error in the jury selection process.
 

 Counsel suggests that the initial investigatory stop was legal, and the seizure of the evidence was proper. Counsel says that, in reviewing the evidence at trial for sufficiency, he has found nothing that merits a challenge on appeal. He notes that the parties stipulated to the lab analysis identifying the seized substances as cocaine and heroin. Counsel further points out that defendant admitted to possession of the drugs. While defendant denied that he intended to sell the drugs, counsel suggests that the jury simply did not credit his testimony.
 

 Counsel notes that defendant’s enhanced sentence on the heroin charge was the minimum allowed for a second offender under the Habitual Offender Law, and that, in any case, defendant agreed to the sentence as part of a sentencing agreement. Consequently, he cannot challenge that sentence on appeal.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states he has mailed defendant a copy of his brief. Attached to the motion is a photocopy of a letter appellate counsel sent to defendant, informing him he may file a supplemental pro se brief in this Court. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he would have until September 9, 2008 to file a pro se supplemental brief. As of the date of this opinion, defendant has not filed a pro se brief.
 

 Is An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information is proper as to form. The minute entries do not reveal any non-frivolous jury issues counsel could have raised.
 

 A review of the record indicates that defendant did not file a pre-trial motion to suppress evidence, nor did he object to the admission of any of the State’s evidence at trial. LSA-C.Cr.P. art. 703 F provides, in pertinent part, “Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assert-able by a motion to suppress.” Furthermore, “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.” La.C.Cr.P. art. 841(A). Accordingly, defendant waived any arguments he might have made with regard to the legality of the investigatory stop or the officers’ seizure of the narcotics evidence.
 

 As counsel notes, there is no non-frivolous argument defendant might make as to the sufficiency of the evidence at trial. Defendant admitted to possessing the narcotics seized from his car. Defendant denied that he either sold or intended to sell the drugs. But as appellate counsel remarks, the jury simply did not believe defendant. A reviewing court does not assess the credibility of witnesses or reweigh the evidence at trial.
 
 State v. Gordon,
 
 06-8, p. 7 (La.App. 5 Cir. 3/80/06), 928
 
 *738
 
 So.2d 689, 694,
 
 writ denied,
 
 06-2819 (La.4/20/07), 954 So.2d 159. The trier-of-fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness.
 
 Id.
 
 The trier-of-fact is presumed to have acted rationally.
 
 Id.
 
 In any case, Detective Gibbs testified that he saw defendant engage in two hand-to-hand transactions in which money and some 19unknown objects changed hands. From that testimony, the jury could have inferred that defendant sold drugs to the two unknown subjects.
 

 Defendant’s sentences are both within the statutory limits. Additionally, defendant entered an admission to the allegations in the habitual offender bill of information. The district court properly advised defendant of his right to a habitual offender hearing and his right to remain silent. The judge ascertained that defendant understood those rights and that he wished to waive them and plead guilty. Defendant also completed a multiple bill waiver of rights form which contained the penalty range to which he was exposed and the sentence he would receive. Since defendant’s habitual offender sentence was part of a sentencing agreement, he is precluded from raising a claim of excessiveness on appeal.
 
 State v. Cross,
 
 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
 

 Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and grant appellate counsel’s motion to withdraw as attorney of record.
 

 ERROR PATENT DISCUSSION
 

 Defendant, through appellate counsel, requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920, regardless of whether defendant makes such a request.
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The following matters are presented for review.
 

 First, there is an inconsistency between the transcript and the commitment. The commitment nunc pro tunc reflects that the trial court ordered both the habitual offender sentence on Count 1 and the sentence on Count 2 be served at Imhard labor. While the transcript shows the court imposed the habitual offender sentence at hard labor, it does not show that the court explicitly ordered the sentence on Count 2 be served at hard labor. The transcript prevails when there is a discrepancy between the commitment and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). LSA-C.Cr.P. art. 879 requires a court to impose a determinate sentence. If the applicable sentencing statute allows some discretion, the court’s failure to indicate whether the sentence was to be served at “hard labor” is an impermissible indeterminate sentence.
 
 State v. Weatherspoon,
 
 06-539, p. 34 (La. App. 5 Cir. 12/12/06), 948 So.2d 215, 236,
 
 writ denied,
 
 07-0462 (La.10/12/07), 965 So.2d 398. But since defendant was sentenced under LSA-R.S. 40:967 B(4)(b), which requires the sentence be served at hard labor, the sentence is determinate and the court’s failure to say as much is harmless error. No corrective action is required.
 

 Second, there is a discrepancy between the commitment and the transcript. Defendant was found guilty of possession with intent to distribute heroin (Count 1) and possession of cocaine with intent to distribute (Count 2). But the commitment
 
 *739
 
 reflects that defendant was found guilty on “DIST/WITD OF A CDS-HEROIN,” and “DIST/POSS. WITD OF A CDS-COCAINE.” Those entries make it unclear whether defendant was convicted of possession with intent to distribute, or of the separate offense of distribution. Therefore, we order the trial court to amend the commitment nunc pro tunc to properly reflect the offenses for which defendant was convicted in order to prevent confusion.
 
 State v. Sam,
 
 05-88, p. 14 (La.App. 5 Cir. 5/31/05), 905 So.2d 379, 387,
 
 writ denied,
 
 05-2100 (La.3/10/06), 925 So.2d 510.
 

 Next, as to Count 1, the court ordered that the entire habitual offender sentence be served without benefit of probation, or suspension of sentence for the | nentire term, as is required under LSA-R.S. 15:529.1 G. But the underlying sentencing provision, LSA-R.S. 40:966 B(l), additionally requires that “at least five years” of the sentence be served without parole. Since the trial court did not restrict parole in any way in imposing the enhanced sentence, and the statute requires an exercise of the trial court’s sentencing discretion in limiting parole eligibility, we vacate the defendant’s sentence and remand this case for re-sentencing in accordance with the underlying statute.
 
 State v. Tapps,
 
 02-0547, pp. 13-14 (La. App. 5 Cir. 10/29/02), 832 So.2d 995, 1004.
 

 Finally, the trial court’s advisal regarding the prescriptive period for seeking post-conviction relief was incomplete. The court informed defendant he would have “two years from the date the sentence becomes final to file post conviction relief applications.” But LSA-C.Cr.P. art. 930.8 A specifically provides that no post-conviction relief application “shall be considered if it is filed more than two years after the judgment of
 
 conviction and sentence
 
 has become final[.]” [emphasis supplied]. Therefore, we order the trial court to properly advise the defendant of the prescriptive period upon resentencing of defendant, in accordance with the above.
 

 Accordingly, we affirm defendant’s convictions, vacate his habitual offender sentence and remand for resentencing and correction of errors patent. Further, we grant defendant’s appellate counsel’s motion to withdraw as attorney of record.
 

 CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING; MOTION TO WITHDRAW AS ATTORNEY OF RECORD GRANTED.