WALTER J. ROTHSCHILD, Judge.
 

 |2This is defendant’s fourth appeal. The procedural history of this case is taken from this Court’s most recent opinion in
 
 State v. Morgan,
 
 08-1299 (La.App. 5 Cir. 5/26/09), 15 So.3d 1026 as follows:
 

 In defendant’s first appeal, this Court affirmed defendant’s convictions for forcible rape and aggravated incest and the finding that defendant was a third felony offender.
 
 State v. Morgan,
 
 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199. This Court vacated defendant’s sentences and remanded the case to the trial court for a ruling on defendant’s outstanding counseled motion for new
 
 *911
 
 trial.
 
 [1]
 

 Id.,
 
 06-529 at 25, 948 So.2d at 206-07, 215.
 

 On remand, the trial judge resen-tenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, and on Count 2, aggravated incest, to imprisonment at hard labor for 10 years, with both sentences to run concurrently.
 
 State v. Morgan,
 
 07-943, p. 2 (La.App. 5 Cir. 3/11/08), 982 So.2d 172, 173. Three months later, the trial judge, Judge Robert Burns, denied defendant’s pro se motion for new trial after a hearing. One week later, Judge Burns vacated the original sentences and resentenced defendant as a third felony offender to a term of 40 years to be served without benefit of parole, probation, or suspension of sentence on both counts to run concurrently.
 
 State v. Morgan,
 
 07-943 at 2-3, 982 So.2d at 173.
 

 In the second appeal, this Court again vacated defendant’s sentences and remanded for a ruling on the outstanding counseled motion for new trial, since the trial court erroneously ruled on defendant’s pro se motion for new trial, which had already been denied, instead of his outstanding counseled motion for new trial three months after sentencing.
 
 State v. Morgan,
 
 07-943 at 3, 982 So.2d at 173. This Court stated that, if the trial judge denied the motion and subsequently resentenced defendant, it reserved defendant’s right to appeal an adverse judgment with respect to his sentencing.
 
 Id.
 

 On remand, the trial judge, Judge Donald Rowan, denied defendant’s motion for new trial after a hearing on October 3, 2008. Afterwards, the trial judge resentenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, with “at least two” years to be served without benefit of parole, probation, or suspension of sentence, and on Count 2, aggravated incest, to imprisonment at hard labor for ten years, with Count 1 to run consecutively with Count 2. The trial judge then vacated the original sentence and resen-tenced defendant as a third felony offender on Count 1 to imprisonment at hard labor for 40 years without benefit of parole or suspension of sentence and on Count 2 to imprisonment at hard labor for 10 years “without benefits,” with the sentences on both counts to run consecutively. Defendant filed a motion to reconsider sentence that was denied.
 
 State v. Morgan,
 
 08-1299 at 2-4, 15 So.3d at 1027-28.
 

 |4In his third appeal, defendant appealed his sentence and the trial court’s ruling on his motion to reconsider sentence. He argued that the trial court erred by increasing his sentence without justification following his successful appeal. He contended that vindictiveness must reasonably be inferred from the record. This Court stated that it was possible, based on the record that the trial judge may not have had a personal animus against defendant, but rather he may have thought concurrent sentences were too lenient considering the disturbing facts of this case, that defendant raped his own biological daughter numerous times over a period of years. Since the trial court did not provide reasons for the increased sentence on remand
 
 *912
 
 after appeal, this Court vacated defendant’s enhanced sentence and remanded the matter to the trial court for resentenc-ing with orders that the trial court provide reasons for the sentence imposed.
 
 State v. Morgan,
 
 08-1299 at 10, 15 So.3d at 1031-32.
 

 Additionally, this Court vacated the trial court’s order denying defendant’s motion to reconsider sentence and remanded this matter to the trial court.
 
 State v. Morgan,
 
 08-1299 at 13, 15 So.3d at 1033. This Court also found that the ten-year enhanced sentence on Count 2 was illegally lenient because it was below the mandatory minimum of 13.3 years. As such, this Court instructed the trial court to take note of this error when resentencing on remand.
 
 Id.,
 
 08-1299 at 14, 15 So.3d at 1034.
 

 On July 10, 2009, on remand, the trial judge resentenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, with the first two years to be served without benefit of probation, parole, or suspension of sentence, and on Count 2, aggravated incest, to imprisonment at hard labor for ten years, with the sentences to run consecutively to each other. The trial judge then vacated the original sentence on Count 1, forcible rape, and resentenced defendant as a third |5felony offender to imprisonment at hard labor for 40 years without benefit of probation or suspension of sentence. He also resen-tenced defendant as a third felony offender on Count 2, aggravated incest, to imprisonment at hard labor for 15 years without benefit of probation or suspension of sentence, with the sentences on Counts 1 and 2 to run consecutively with each other. Defendant filed a timely motion for appeal that was granted.
 

 FACTS
 

 The underlying facts are found in this Court’s opinion in
 
 State v. Morgan,
 
 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 202-06, and will not be repeated herein.
 

 DISCUSSION
 

 By this appeal, defendant first argues that the sentencing judge erred by increasing his sentence following his successful appeal without justification. He contends that the sentencing judge’s explanations of his increased sentence are insufficient to pass constitutional muster. He further contends that the increase in harshness was motivated by vindictiveness. The State responds that the sentences imposed were not the result of defendant’s actions in appealing his case, but rather his egregious criminal conduct and the resulting consequences of his acts. The State further responds that there was nothing in the record to suggest that the sentencing judge had any animosity or ill-will towards defendant.
 

 On remand, the judge resentenced defendant, providing reasons for judgment as ordered by this Court:
 

 Alright, Mr. Morgan, they have asked me to — to re-sentence you again.
 

 Alright, I am going to state my reasons for why I did that. I wasn’t the trier of fact for this case. It was Judge Cusimano. But I did look into this, and the Court finds that, other than murder, in my opinion, this is the most serious offense, rape. Also when it includes a | f,child, who happens to be your biological child, and this person is raped over a period of time, that’s probably the worse [sic] thing that could ever happen to an individual, because at that point, the individual then, being an authority figure, Mr. Morgan, that person loses trust in everyone and everything, winds up going down his own path, the loss of a child’s innocence, the loss of respect, winds up becoming a problem for everybody in society.
 

 
 *913
 
 I find the rape of a child to be practically the most heinous thing that I’ve every seen including my eighteen and a half years as an Assistant District Attorney.
 

 The trial judge then resentenced defendant as previously discussed. Defense counsel told the judge that both allegations were on the same bill of information and stemmed from the same pattern. The judge responded, “But I think they were different acts.” He also added, “I find them to be independent of each other, and I sentence him to consecutive time based on my reasons.” Defense counsel objected and said he would file an appeal.
 

 The judge then resentenced defendant as a third felony offender. During that sentencing, the judge stated,
 

 “[A]nd that’s based on my earlier reasons based on this particular rape of a child, a biological child, in which the trauma of the psychological and physical trauma to this child is imaginable [sic]. I can’t even fathom what the child is going through, I can’t even fathom what she was thinking at that particular moment when her biological parent did this to her. It’s very traumatic. It betrays all sense of one’s respect and authority in a parent. That’s my basis for it being consecutive.”
 

 Defense counsel noted his objection to the excessiveness of the sentence and stated that the judge did not hear the case. The judge replied, “No, but I reviewed the facts of it.”
 

 The first issue presented is whether the sentencing judge increased defendant’s sentences.
 

 A brief summary of the sentencing in the instant case is as follows: Judge Cusi-mano originally sentenced defendant to 20 years on the forcible rape 17conviction and 10 years on the aggravated incest conviction to run concurrently. He vacated the original sentences on both counts and re-sentenced defendant as a third felony offender to serve 40 years on both counts to run concurrently. On remand, Judge Cu-simano resentenced defendant to 20 years on the forcible rape conviction and 10 years on the aggravated incest conviction to run concurrently. Judge Burns vacated the original sentences and resentenced defendant as a third felony offender to 40 years on both counts to run concurrently.
 

 On remand, Judge Rowan resentenced defendant to 20 years on the forcible rape conviction and 10 years on the aggravated incest conviction to run consecutively. He resentenced defendant as a third felony offender to 40 years on the forcible rape conviction and to 10 years on the aggravated incest conviction with the sentences to run consecutively. On remand, Judge Rowan resentenced defendant to 20 years on the forcible rape conviction and 10 years on the aggravated incest conviction, with the sentences to run consecutively. He resentenced defendant as a third felony offender to 40 years on the forcible rape conviction and 15 years on the aggravated incest conviction, to run consecutively.
 

 Defendant’s first and second sentences imposed by Judges Cusimano and Burns, respectively, totaled 40 years each. Defendant’s third sentence totaled 50 years, because it was ordered to run consecutively, rather than concurrently. His fourth sentence totaled 55 years, because the judge increased the sentence on the aggravated incest conviction from 10 to 15 years, based on this Court’s conclusion that the 10-year enhanced sentence was illegally lenient.
 

 Thus, the judge increased the total sentence by 15 years from the original sentence. We will next consider whether
 
 *914
 
 the judge was motivated by vindictiveness when he increased the sentences.
 

 |sThe judge who resentenced defendant the third and fourth times (Judge Rowan) was not the same judge who presided over defendant’s trial and imposed sentence and who subsequently resentenced him the first time (Judge Cusimano), nor was it the same judge who resentenced defendant a second time (Judge Burns).
 

 We will next consider whether defendant has met his burden of proving that the judge was vindictive when he increased the sentences. Defendant contends that vindictiveness can be inferred from the record because the judge ordered the sentences to run consecutively, rather than concurrently, like the trial judge originally imposed, and because the judge’s reasons for the increase were inadequate.
 

 Regarding the imposition of consecutive sentences, LSA-C.Cr.P. art. 883 provides, in pertinent part, as follows:
 

 If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
 

 We find that the instant offenses constituted parts of a common scheme or plan and, therefore, there was a presumption in favor of concurrent sentences under the article.
 
 State v. Puckett,
 
 02-997, p. 13 (La.App. 5 Cir. 1/28/03), 839 So.2d 226, 234,
 
 writ denied,
 
 03-0891 (La.12/12/03), 860 So.2d 1148. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. Such sentences are justified when the offender poses an unusual risk to public safety.
 
 Id.
 

 In
 
 Puckett, supra,
 
 defendant was convicted of aggravated rape and aggravated oral sexual battery and sentenced to life imprisonment and 15 years | ¡imprisonment, respectively, to run consecutively. This Court found that the record supported the sentences, even though the crimes arose from a single course of conduct and the trial judge failed to articulate reasons for the sentences imposed. This Court noted that defendant had a significant criminal history, harassed the victim prior to the incident, the incident was cruel and humiliating, and he attacked a victim with a compromised mental capacity.
 
 Id.,
 
 02-997 at 13, 839 So.2d at 234.
 

 This Court in
 
 State v. Morgan, supra,
 
 discussed a case similar to the instant one,
 
 U.S. v. Anderson,
 
 440 F.3d 1013 (8th Cir.2006) as follows:
 

 In
 
 U.S. v. Anderson,
 
 440 F.3d 1013 (8th Cir.2006), cited by the State in its brief, the federal appellate court concluded that vindictiveness had not been established. In
 
 Anderson,
 
 the defendant was convicted of 49 counts of mail fraud and money laundering, among other things, and sentenced. The appellate court affirmed the convictions but remanded for resentencing. Defendant was subsequently resentenced by a different judge to an increased sentence. On appeal, defendant argued that the higher sentence was an impermissible, vindictive sentence intended to punish him for having exercised his right to appeal. The appellate court did not recognize a presumption of vindictiveness since there were dififerent sentencers, and it found that defendant bore the burden of proving actual vindictiveness. The appellate court stated that, because defendant relied on no evidence other
 
 *915
 
 than the fact of the longer sentence to prove vindictiveness, his argument failed. The appellate court found that the higher sentence on remand was easily explained by the district court’s views unrelated to the prior appeal.
 
 Id.,
 
 440 F.3d at 1013-17.
 

 State v. Morgan,
 
 08-1299 at 9, 15 So.3d at 1031.
 

 In
 
 U.S. v. Anderson,
 
 the appellate court upheld the higher sentence, noting that the district court had placed reasons for the higher sentence unrelated to the prior appeal on the record. In that case, the transcript indicated that the district court viewed defendant’s offense as particularly underhanded and the defendant as manipulative and unremorseful.
 
 Id.,
 
 440 F.3d at 1017.
 

 In the instant case, we find, as this Court did in
 
 Puckett, supra,
 
 that the record supports consecutive sentences, even though the offenses appear to have | inbeen part of defendant’s common scheme or plan to rape his daughter. The sentencing judge reviewed the facts of the case prior to sentencing and gave his reasons for imposing consecutive sentences. Additionally, as in
 
 U.S. v. Anderson, supra,
 
 the sentencing judge in the instant case placed reasons for the higher sentence unrelated to the prior appeal in the record. He stated that he viewed the rape of a child as “practically the most heinous thing” he had ever seen and the “wors[t] thing that could happen to an individual.” He was particularly concerned with the trauma the child suffered as a result of defendant, her biological father, raping her over a period of years. The judge said that those were the reasons for the consecutive sentences. In light of the foregoing, we find that the increased sentence is based on the sentencing judge’s strong view of defendant’s offenses and his concern for the child victim, and not on defendant’s successful appeals.
 

 On appeal, defendant challenges, not only the consecutive nature of the sentences, but the increased enhanced sentence on Count 2. He contends that the increased sentence was also based on the judge’s vindictiveness.
 

 With respect to Count 2, the aggravated incest conviction, this Court found that the 10-year enhanced sentence on that count was below the mandatory minimum of 13.3 years and, therefore, was illegally lenient. As such, this Court instructed the trial court to take note of this error when resentencing on remand. On remand, the sentencing judge increased the sentence from 10 to 15 years, not because he was being vindictive, but because this Court found that the mandatory minimum sentence was 13.3 years and that the 10-year sentence was illegally lenient.
 

 In light of the foregoing, we find that the sentencing judge did not err by imposing consecutive sentences (which increased the total number of years) or by increasing the enhanced sentence on Count 2.
 

 InDefendant next argues that the trial court should not have enhanced both of his convictions because they were obtained on the same date. The State responds that defendant’s position is both factually and legally unsupported and, therefore, his argument should be rejected.
 

 The legislature enacted 2005 La. Acts 218, amending LSA-R.S. 15:529.1(B) to provide that “[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section.”
 
 State v. Shaw,
 
 06-2467, p. 19 (La.11/27/07), 969 So.2d 1233, 1244-45. However, since defendant in the instant case was convicted of forcible rape and aggravated incest on January 25, 2005, which was after October
 
 *916
 
 19, 2004, the above-cited amendment to LSA-R.S. 15:529.1(B) is inapplicable.
 

 Additionally, in
 
 Shaw, supra,
 
 the Louisiana Supreme Court held that the language of LSA-R.S. 15:529.1 contained no prohibition against enhancing multiple sentences obtained on the same date arising out of a single criminal act or episode.
 
 [2]
 
 The supreme court stated that there is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same date, whether the convictions result from separate felonies committed at separate times or arise out of a single criminal act or episode, overruling
 
 State ex rel. Porter v. Butler,
 
 573 So.2d 1106 (La.1991). Therefore, based on
 
 Shaw,
 
 the trial court did not err by enhancing both of defendant’s convictions that were obtained on the same date, even though they appear to have arisen out of a single criminal episode.
 
 State v. Shaw,
 
 06-2467 at 20, 969 So.2d at 1245.
 

 TERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals errors patent, one of which requires remand for resentencing.
 

 Parole restriction
 

 We find that the enhanced sentence on Count 1, forcible rape, must be vacated and the case remanded for resentencing on that count only, because the judge did not order that at least two years of the sentence be served without benefit of parole.
 

 In
 
 State v. Tapps,
 
 02-0547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995,
 
 writ denied,
 
 02-2921 (La.4/21/03), 841 So.2d 789, in an error patent review, this Court noted that the trial judge failed to restrict at least two years of defendant’s sentence for forcible rape from benefit of parole, probation or suspension of sentence, as required by LSA-R.S. 14:42.1(B). This Court found that the language of the sentencing provision gave the trial judge discretion in determining the exact length of time that benefits were to be withheld, and for that reason, this Court remanded the case for resentencing in compliance with LSA-R.S. 14:42.1.
 
 State v. Tapps,
 
 02-0547 at 13-14, 832 So.2d at 1004.
 

 Likewise, in
 
 State v. Alexander,
 
 08-580 (La.App. 5 Cir. 2/25/09), 8 So.3d 732,
 
 writ denied,
 
 09-717 (La.12/11/09), 23 So.3d 912, in an error patent review, this Court noted that, as to Count 1, the trial court ordered that the entire habitual offender sentence be served without benefit of probation, or suspension of sentence for the entire term, as was required under LSA-R.S. 15:529.1 G, but that the underlying sentencing provision, LSA-R.S. 40:966 B(l), additionally required that “at least five years” of the sentence be served without parole. Since the trial court |isdid not restrict parole in any way in imposing the enhanced sentence, and the statute required an exercise of the trial court’s sentencing discretion in limiting parole eligibility, this Court vacated the defendant’s sentence and remanded this case for resentencing in accordance with the underlying statute, citing
 
 State v. Tapps, supra. See also State v. Smith,
 
 09-100, p. 15 (La.App. 5 Cir. 8/25/09), 20 So.3d 501, 509.
 

 In the instant case, the judge vacated the original sentence on Count 1, forcible rape, and resentenced defendant as a third
 
 *917
 
 felony offender to imprisonment at hard labor for 40 years without benefit of probation or suspension of sentence. LSA-R.S. 15:529.1 G provides that the enhanced sentence shall be without benefit of probation or suspension of sentence; however, LSA-R.S. 14:42.1 B, the underlying felony, provides that at least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. The judge erred by failing to order at least two years of the sentence be served without benefit of parole. Defendant noted this error in his brief; however, he said that the error was in his favor and, since he alleged that the case should be remanded for resentencing, he did not address it.
 

 Because the underlying offense carried a parole restriction, the habitual offender sentence is to likewise be imposed without parole.
 
 State v. Smith, supra, citing State v. Bruins,
 
 407 So.2d 685, 687 (La.1981). Since the judge did not restrict parole in any way in imposing the enhanced sentence, and the statute requires an exercise of the trial court’s sentencing discretion in limiting parole eligibility, we vacate defendant’s sentence on Count 1 and remand this case for resentencing on that count only in accordance with the underlying statute.
 
 State v. Smith, supra, citing State v. Alexander,
 
 08-580, p. 11 (La.App. 5 Cir. 2/25/09), 8 So.3d 732, 739,
 
 citing State v. Tapps,
 
 02-0547, pp. 13-14 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 1004,
 
 writ denied,
 
 02-2921 (La.4/21/03), 841 So.2d 789.
 

 Vacating of original sentence
 

 The transcript reflects that the judge failed to vacate the original sentence on Count 2 before imposing the enhanced sentence; however, the commitment shows that the original sentence on Count 2 was vacated. However, we find that no corrective action is necessary, although we hereby instruct the judge to take note of this error on remand.
 
 See, State v. Mayer,
 
 99-3124 (La.3/31/00), 760 So.2d 309.
 

 DECREE
 

 Accordingly, for the reasons assigned herein, defendant’s sentence on Count 2 is hereby affirmed. However, the sentence imposed on Count 1 is vacated and the matter is remanded for resentencing in accordance with this opinion.
 

 SENTENCE ON COUNT ONE VACATED AND REMANDED FOR RE-SENTENCING; SENTENCE ON COUNT TWO AFFIRMED.
 

 [1]
 

 . Judge Charles Cusimano originally sentenced defendant to imprisonment at hard labor for 20 years on the forcible rape conviction and 10 years on the aggravated incest conviction to run concurrently.
 
 Morgan,
 
 06-529 at 3, 948 So.2d at 202. After Judge Cusimano found defendant to be a third felony offender, he vacated the original sentences on both counts and resentenced him to imprisonment at hard labor for 40 years on both counts to run concurrently.
 
 Id.
 
 [footnote as found in original]
 

 [2]
 

 . It is noted that
 
 Shaw
 
 involved post-10/19/04 convictions.
 
 State v. Shaw,
 
 06-2467 (La.11/27/07), 969 So.2d 1233.