MARION F. EDWARDS, Chief Judge.
| gThis is Ronald J. Morgan’s (“Morgan”), defendant/appellant, fifth appeal. The procedural history of this case is taken from this Court’s most recent opinion as follows:[1]
*264 In defendant’s first appeal, this Court affirmed defendant’s convictions for forcible rape and aggravated incest and the finding that defendant was a third felony offender. State v. Morgan, 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199. This Court vacated defendant’s sentences and remanded the case to the trial court for a ruling on defendant’s outstanding counseled motion for new trial....
On remand, the trial judge resen-tenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, and on Count 2, aggravated incest, to imprisonment at hard labor for 10 years, with both sentences to run concurrently. State v. Morgan, 07-943, p. 2 (La.App. 5 Cir. 3/11/08), 982 So.2d 172, 173. Three months later, the trial judge, Judge Robert Burns, denied defendant’s pro se motion for new trial after a hearing. One week later, Judge Burns vacated the original sentences and resentenced defendant as a third felony offender to a term of 40 years to be served without benefit of parole, probation, or suspension of sentence on both counts to run concurrently. State v. Morgan, 07-943 at 2-3, 982 So.2d at 173.
|3In the second appeal, this Court again vacated defendant’s sentences and remanded for a ruling on the outstanding counseled motion for new trial, since the trial court erroneously ruled on defendant’s pro se motion for new trial, which had already been denied, instead of his outstanding counseled motion for new trial three months after sentencing. State v. Morgan, 07-943 at 3, 982 So.2d at 173. This Court stated that, if the trial judge denied the motion and subsequently resentenced defendant, it reserved defendant’s right to appeal an adverse judgment with respect to his sentencing. Id.
On remand, the trial judge, Judge Donald Rowan, denied defendant’s motion for new trial after a hearing on October 3, 2008. Afterwards, the trial judge resentenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, with “at least two” years to be served without benefit of parole, probation, or suspension of sentence, and on Count 2, aggravated incest, to imprisonment at hard labor for ten years, with Count 1 to run consecutively with Count 2. The trial judge then vacated the original sentence and resen-tenced defendant as a third felony offender on Count 1 to imprisonment at hard labor for 40 years without benefit of parole or suspension of sentence and on Count 2 to imprisonment at hard labor for 10 years “without benefits,” with the sentences on both counts to run consecutively. Defendant filed a motion to reconsider sentence that was denied. State v. Morgan, 08-1299 at 2-4, 15 So.3d at 1027-28.
In his third appeal, defendant appealed his sentence and the trial court’s ruling on his motion to reconsider sentence. He argued that the trial court erred by increasing his sentence without justification following his successful appeal. He contended that vindictiveness must reasonably be inferred from the record. This Court stated that it was possible, based on the record that the trial judge may not have had a personal animus against defendant, but rather he may have thought concurrent sentences were too lenient considering the disturbing facts of this case, that defendant raped his own biological daughter numerous times over a period of years. Since the trial court did not provide reasons for the increased sentence on remand after appeal, this Court vacated defendant’s enhanced sentence and re *265 manded the matter to the trial court for resentencing with orders that the trial court provide reasons for the sentence imposed. State v. Morgan, 08-1299 at 10, 15 So.3d at 1031-32.
Additionally, this Court vacated the trial court’s order denying defendant’s motion to reconsider sentence and remanded this matter to the trial court. State v. Morgan, 08-1299 at 13, 15 So.3d at 1033. This Court also found that the ten-year enhanced sentence on Count 2 was illegally lenient because it was below the mandatory minimum of 13.3 years. As such, this Court instructed the trial court to take note of this error when resentencing on remand. Id., 08-1299 at 14, 15 So.3d at 1034.
On July 10, 2009, on remand, the trial judge resentenced defendant on Count 1, forcible rape, to imprisonment at hard labor for 20 years, with the first two years to be served without benefit of probation, parole, or suspension of sentence, and on Count 2, aggravated incest, to imprisonment at hard labor for ten years, with the sentences to run consecutively to each other. The trial judge then vacated the original sentence on Count 1, forcible rape, and resen-tenced defendant as a third felony offender to imprisonment at hard labor for 40 years without benefit of probation or suspension of sentence. He also resen-tenced defendant as a third felony offender on Count |42, aggravated incest, to imprisonment at hard labor for 15 years without benefit of probation or suspension of sentence, with the sentences on Counts 1 and 2 to run consecutively with each other. Defendant filed a timely motion for appeal that was granted.
In his fourth appeal, Morgan argued that the sentencing judge erred by increasing his sentence following his successful appeal without justification, and the increase in harshness was motivated by vindictiveness. Morgan challenged not only the consecutive nature of the sentences but also the increased enhanced sentence on Count 2, which he also claimed was based on the judge’s vindictiveness. In that appeal, we found that the increased sentence was based on the sentencing judge’s strong view of Morgan’s actions and the judge’s concern for the child victim, and not on Morgan’s successful appeals.[2] Additionally, we stated that the sentencing judge increased the sentence on Count 2 from 10 to 15 years because this Court had found that the mandatory minimum sentence was 13.3 years and that the 10-year sentence was illegally lenient. We determined that the sentencing judge did not err by imposing consecutive sentences (which increased the total number of years) or by increasing the enhanced sentence on Count 2.
In that appeal, Morgan also argued that the trial court should not have enhanced both of his convictions because they were obtained on the same date. We held that the trial court did not err by enhancing both of Morgan’s convictions that were obtained on the same date, even though they appeared to have arisen out of a single criminal episode.[3] We affirmed the sentence on Count 2, but we found that the enhanced sentence on Count 1, forcible rape, had to be vacated and the case remanded for resentencing on that count only because the judge did not order that at least two years of the sentence be served without benefit of parole.
*266 lüOn March 19, 2010, on remand, Judge Donald Rowan resentenced Morgan on Count 1 to imprisonment at hard labor for 40 years, with the first two years to be served without benefit of parole, probation, or suspension of sentence, and with the remainder of the sentence to be served without benefit of probation or suspension of sentence. The judge vacated the original sentence on Count 2 and resentenced Morgan under the multiple offender statute to imprisonment at hard labor for 15 years without benefit of probation or suspension of sentence, ordering the sentences to run consecutively with each other.
Morgan has timely- appealed. He argues in his pro se brief that the trial court erred by increasing his sentence without justification following his successful appeal. He also argues that vindictiveness must be reasonably inferred from the record and, therefore, the case should be remanded for resentencing. This is the same argument he made in his third and fourth appeals.
In the sentencing presently before us, the trial judge complied with this Court’s order to resentence Morgan on Count 1 and restrict his parole eligibility for at least two years in accordance with the appropriate statutes. That being the only increase, it cannot be found to be vindictiveness. Further, to the extent that Morgan is rearguing his resentencing on October 3, 2008, we have addressed and answered these arguments in the prior appeals, finding them to be without merit. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.[4] In the present case, there is no new evidence to show that this Court’s prior disposition was patently erroneous or produced unjust results. Accordingly, we decline to reconsider our prior ruling on the same issue in this case.
16Morgan contends that the sentence imposed on October 3, 2008 is “void” because the trial court failed to wait the requisite three-day period between conviction and sentence without obtaining an express waiver. The sentences imposed on October 3, 2008 have since been vacated. His arguments relative to those sentences are, thus, moot.
Morgan also argues that the trial judge erred by imposing an enhanced sentence on both counts because the convictions arose out of separate criminal offenses committed at separated times. In the fourth appeal, this Court cited State v. Shaw, 06-2467 (La.11/27/07), 969 So.2d 1233, wherein the Louisiana Supreme Court stated that there is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same date, whether the convictions result from separate felonies committed at separate times or arise out of a single criminal act or episode. The trial court did not err by enhancing both of Morgan’s convictions that were obtained on the same date, whether or not they arose out of a single criminal episode.
Morgan seems to argue that the trial court did not advise him of his right to remain silent and, thus, his multiple offender adjudication was invalid. In a prior appeal, this issue has previously been found to be harmless error, and we are given no reason to revisit it.
Next, Morgan asserts that his enhanced sentence is excessive and, therefore, it should be vacated and the case remanded for resentencing to a far lesser term.
*267 Morgan did not file a motion to reconsider sentence as required by La.C.Cr.P. art. 881.1. He made a general objection after sentencing and noticed his intent to appeal, but he did not provide specific grounds for his objection. The failure to file a motion to reconsider sentence, or to state specific grounds upon |7which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness.[5] A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.[6]
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.[7] The appellate court shall not set aside a sentence for exeessiveness if the record supports the sentence imposed.[8] In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts.[9]
Morgan was found to be a third felony offender with an underlying conviction for forcible rape. His prior convictions were for distribution of cocaine and unauthorized use of an access card. As such, he was subject to a sentencing range of 26.6 years to 80 years. La. R.S. 15:529.1 A(l)(b)(i); R.S. 14:42.1. Morgan was sentenced under the multiple bill statute to imprisonment at hard labor for 40 years, with the first two years to be served without benefit of parole, [¿probation, or suspension of sentence, and with the remainder of the sentence to be served without benefit of probation or suspension of sentence.
In State v. Rasberry, 564 So.2d 740 (La.App. 2 Cir.1990), the court upheld a 40-year sentence, with only the first two years imposed without benefit of probation, parole, or suspension of sentence, where a father was convicted of the forcible rape of his eleven-year-old daughter. The father had allegedly begun molesting his daughter when she was nine, and it continued at the rate of two or three times per week until he was arrested. He had no prior criminal history. In State v. Charles, 626 So.2d 404 (La.App. 4 Cir.1993), the Court upheld two 40-year sentences for forcible rape (one as second-felony habitual offender), with the first two years of each to be served without benefit of probation, parole, or suspension of sentence, along with a maximum 20-year sen *268 tence for attempted forcible rape, with all three sentences to be served consecutively, where the victim was the thirteen-year-old daughter of the defendant’s girlfriend. In State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992), this Court upheld a 40-year sentence for forcible rape, 20 years of which was to be served without benefit of probation, parole, or suspension of sentence, where the victim was a fourteen-year-old female and the defendant, a first time offender, was an adult. In State v. Carter, 04-482 (La.App. 5 Cir. 10/26/04), 888 So.2d 928, 939, this Court found that the enhanced habitual offender sentence of 37 years for forcible rape (as a second felony offender) was not constitutionally excessive, noting that the sentence was mid-range, defendant was exposed to a sentencing range of 20 to 80 years for the offense, and the sentence was supported by the record and defendant’s criminal history.
In the instant case, we find that the judge did not abuse his discretion by imposing the 40-year enhanced sentence in connection with Morgan’s forcible rape Iflconviction. The sentence was at the low end of the sentencing range, and he could have been sentenced to a maximum term of imprisonment of 80 years under the multiple bill statute. We note that the rape of one’s underage daughter is among the most serious violations of the crime of forcible rape and, based solely on the nature of that offense, a maximum sentence could have been appropriately imposed.[10]
In an abundance of caution, we review the sentence on Count 2, aggravated incest.
Morgan was also found to be a third felony offender with an underlying conviction for aggravated incest. As was stated previously, his prior convictions were for distribution of cocaine and unauthorized use of an access card. Therefore, at the time he committed the offense, he was subject to a sentencing range of 13.3 years to 40 years. La. R.S. 15:529.1 A(l)(b)(i); R.S. 14:78.1. The judge sentenced defendant to imprisonment at hard labor for 15 years without benefit of probation or suspension of sentence.
In State v. Guidroz, 98-377 (La.App. 5 Cir.10/14/98), 721 So.2d 480, the defendant was convicted of aggravated incest for sexually abusing his young biological daughter over a two to three-year period. That defendant was also a first-time offender. We held that the maximum 20-year sentence was not excessive, referring to other similar cases in which 15 to 20-year sentences were imposed.[11]
In the instant case, the jurisprudence supports the sentence imposed. The judge did not abuse his discretion by imposing the 15-year enhanced sentence in 1 ^connection with Morgan’s aggravated incest conviction. The sentence was at the very low end of the sentencing range, and the offense against his own biological daughter over a period of years is particularly offensive and disturbing.
This assignment of error is without merit.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin,[12] appointed appellate *269 counsel has filed an Anders[13] brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, counsel requests to withdraw as counsel of record. The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by ‘“a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[14]
An Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.[15] The Supreme Court explained that an Anders brief must | n demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”[16]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[17] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.[18]
Morgan’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel contends that there are no pre-trial rulings or trial issues presented by this present appeal, noting that this is Morgan’s fifth appeal following a remand for resentencing by this Court. Appellate counsel correctly asserts that the conviction and sentence on Count 2 has been affirmed and, therefore, the trial court’s actions with respect to the remand for resentencing on Count 1 is the only ruling at issue. She states that this Court has considered and rejected Morgan’s argument that the trial court erred by imposing consecutive sentences and has rejected his argument that the sentence is excessive. Appellate counsel maintains that because the 112resentencing was done *270 in conformity with law, there are no non-frivolous issues left to argue, and she is compelled to move to withdraw.
With respect to the sentence on Count 1, appellate counsel states that the trial court sentenced defendant to the same 40-year term which it had previously imposed. She argues that, because the sentence was imposed under the multiple bill statute, the trial court correctly ordered that it be served without benefit of probation or suspension of sentence. Appellate counsel contended that, because the penalty for the underlying charge required that at least the first two years of the sentence be imposed without the benefit of probation, parole, or suspension of sentence, the trial court correctly directed that the first two years of the sentence be served with those restrictions. Lastly, she stated that the trial court informed defendant of the time delays for filing post-conviction relief and for taking an appeal. As such, appellate counsel contends that there do not appear to be any non-frivolous issues available for appeal. Nonetheless, she requested an error patent review.
Appellate counsel has filed a motion to withdraw as attorney of record which states that she notified appellant of the filing of this motion and that she has advised Morgan of his right to file a pro se brief in this appeal. Additionally, this Court sent Morgan a letter by certified mail informing him that an Anders brief had been filed and that he had until July 16, 2010 to file a pro se supplemental brief. Morgan filed a pro se supplemental brief on July 26, 2010.
An independent review of the appellate record supports counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The trial court | isresentenced Morgan in accordance with the remand previously issued. As demonstrated above, the sentences present no appealable issues.[19]
Having found that appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, Morgan’s conviction and sentence are hereby affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
Our error patent review reveals no errors patent that require correction.
For the foregoing reasons, the sentences are affirmed.

AFFIRMED

. State v. Morgan, 09-694 (La.App. 5 Cir. 2/23/10), 34 So.3d 909, 910-12 (footnote and citation omitted).

. State v. Morgan, 09-694 (La.App. 5 Cir. 2/23/10), 34 So.3d 909.

. Id.

. State v. Louis, 05-141 (La.App. 5 Cir. 7/26/05), 910 So.2d 464.

. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1.

. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618.

. State v. Dorsey, 07-67 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127.

. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646.

. Id.

. See, State v. Childs, 466 So.2d 1363 (La.App. 3d Cir.1985); State v. Rasberry, 564 So.2d 740 (La.App. 2 Cir.1990).

. In Guidroz, we referenced State v. Anderson, 95-1688 (La.App. 3d Cir.5/8/96), 677 So.2d 480; State v. Rubalcava, 28,325 (La.App.2d Cir.5/8/96), 674 So.2d 1035; State v. Orgeron, 620 So.2d 312 (La.App. 5 Cir.1993); State v. Downs, 30,348 (La.App.2d Cir.1/21/98), 705 So.2d 1277, 1279.

. 573 So.2d 528, 530 (La.App. 4 Cir.1990).

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See also, State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

. State v. Jyles, supra.

. State v. Jyles, supra.

. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.

. Id.

. See, e.g., State v. Yanes, 09-929 (La.App. 5 Cir. 4/27/10), 40 So.3d 245.